98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael CHRISTMAN, Defendant-Appellant.
 No. 95-35687.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Christman appeals the district court's denial of his 28 U.S.C. § 2255 motion. Christman contends the district court erred by failing to hold an evidentiary hearing on his ineffectiveness of counsel claims, and that his right to testify was violated. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's denial of an evidentiary hearing. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). An evidentiary hearing is required unless the factual allegations, when viewed against the record, either do not state a claim for relief, or are so incredible or frivolous as to warrant summary dismissal. Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam).
 
 
 4
 Christman asserts that his ineffective assistance of counsel claims are not clearly frivolous, and that the record "will necessarily need to be expanded in order for a reasonable analysis of the claims." Christman presents little more than a perfunctory argument in his opening brief supporting this assertion. He does not allege any facts that he intends to prove at an evidentiary hearing, or indicate why the record is inadequate in order to resolve his claims. Issues accompanied by undeveloped arguments are deemed waived. See United States v. Alonso, 48 F.3d 1536, 1544-45 (9th Cir.1995). While we decline to address the issue in any detail, we fail to see how the district court abused its discretion. See Frazer, 18 F.3d at 781.
 
 
 5
 Christman claims he told his counsel he wanted to testify, but his attorney did not permit his testimony. We review de novo whether trial counsel rendered effective assistance. United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). Counsel evidently made a tactical decision not to have his client testify, and Christman's failure to object to his attorney's decision or inform the court that he wished to testify constitutes a waiver of the right to testify. See United States v. Nohara, 3 F.3d 1239, 1243-44 (9th Cir.1993). Because the facts that Christman alleges do not state a claim for relief, he was not entitled to an evidentiary hearing on this issue. See Quintero, 33 F.3d at 1135.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3